# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **BOBBI LEE, individually and on behalf of all others similarly situated,** | : | Case No. 1:16-cv-00946-MRB |
| | : | |
| | : | Judge Michael R. Barrett |
| Plaintiff, | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| v. | : | |
| | : | |
| **CAREGIVERS FOR INDEPENDENCE, LLC, et al.,** | : | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| | : | |
| Defendants. | : | |
| | : | |

Defendants Caregivers for Independence, LLC ("Caregivers"), James Couch, Phyllis Couch, and James Couch, II, (collectively, "Defendants") hereby move the Court for Judgment on the Pleadings as to the claims of Plaintiff Bobbi Lee, pursuant to Federal Rule of Civil Procedure 12(c). The reasons for this Motion are set forth in the attached memorandum. A proposed Order is attached for the Court's consideration.

                                              Respectfully submitted,

                                              */s/ Raymond D. Neusch*
Raymond D. Neusch (0024822)
Neal Shah (0082672)
Tessa L. Castner (0093808)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
(513) 651-6800
rneusch@fbtlaw.com
nshah@fbtlaw.com
tcastner@fbtlaw.com

*Trial Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

Defendants Caregivers for Independence, LLC ("Caregivers"), and James Couch, Phyllis Couch, and James Couch, II, (collectively, "Defendants") respectfully move for this Court to dismiss Plaintiff Bobbi Lee's Complaint on the pleadings pursuant to Federal Rule of Procedure 12(c).  Plaintiff alleges claims for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards ("OMFWS").  (Compl., Doc. 1).  Yet Plaintiff was, at all times during her employment, exempt from the overtime provisions of the FLSA and Ohio law, as a companionship services employee.  Plaintiff concedes this dispositive fact in her Declaration in Support of Conditional Certification (Doc. 16-1).  As she admits, she performed exempt companionship services duties for Caregivers' clients.  Because Plaintiff was an exempt companionship services employee, she was never entitled to overtime under the FLSA as a matter of law, and her Complaint must be dismissed.

**II.     STATEMENT OF FACTS**

Caregivers provides homemaker personal care services in Hamilton, Ohio.  Caregivers employs support staff employees who provide companionship services to elderly persons and other persons who, because of illness, injury or disability, require assistance in caring for themselves.  (Doc. 1 at 8, ¶ 45; Lee Declaration, Doc. 16-1 at 2, ¶ 4).[1]  Plaintiff was a support staff employee.  (Doc. 16-1 at 3, ¶ 9).  Plaintiff alleges she began her employment with Defendants beginning in "approximately 2010."  (Doc. 1 at 2, ¶ 3).  As a support staff employee, Plaintiff admits she provided "companionship services."  (Doc. 1 at 8, ¶ 45).  Plaintiff has filed a Declaration in this case, in which she testifies that the companionship services she performed

---

[1] For purposes of this Motion only, Defendants accept Plaintiff's statement of the facts as set forth in Complaint and Declaration.

2

included: "household duties, companionship, house cleaning, running errands, shopping, peri-care, administering medication, both over-the-counter and prescription and other daily activity assistance." (Doc. 16-1 at 2, ¶ 4). Plaintiff further alleges: "My job responsibilities were assisting clients with household duties and personal needs, including but not limited to, running errands, shopping, companionship, administering prescribed and over-the-counter medications, housework, meal preparation, bathing and peri-care." (*Id.* at 3, ¶ 9). And finally, she reiterates that her duties "included personal care, assisting with the restroom, companionship and administering over-the-counter and prescription medication." (*Id.* at 4, ¶ 18). Plaintiff was further guided in these responsibilities by a Plan of Care. (*Id.* at 4, ¶ 12-13). Each client for whom she cared had a Plan of Care that described what Plaintiff had to do when caring for each patient. (*Id.*). Plaintiff's description of her duties in her Declaration is consistent with how she described her duties in her Complaint. (Doc. 1 at 8, ¶ 45).

During Plaintiff's employment, she worked more than 40 hours in some workweeks. (Doc. 15 at 2, ¶ 3). However, in accordance with applicable law, because Plaintiff was an exempt companionship services employee, Caregivers paid Plaintiff straight time for all hours worked over 40 in a workweek. Plaintiff voluntarily left employment with Caregivers in approximately August 2015. (Doc. 1 at 2, ¶ 3; Doc. 16-1 at 1, ¶ 3). She subsequently filed this lawsuit more than one year later on September 23, 2016.

### III. ARGUMENT

#### A. Judgment On The Pleadings Is Warranted Because Plaintiff's Complaint Is Without Merit.

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is governed by the "nearly identical" standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006).

3

"When ruling on a defendant's motion to dismiss on the pleadings, a district court 'must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *Id.*, quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). A civil complaint only survives a motion to dismiss (or motion for judgment on the pleadings) if it "contains[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). A plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions or a mere formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). A plaintiff must make "a 'showing' rather than a blanket assertion, of an entitlement to relief," and "[w]ithout some factual allegation in the complaint, [a claimant cannot] satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly,* 550 U.S. at 555, n. 3. Dismissal is appropriate if the complaint is without merit due to an absence of law or facts to support a valid claim, or where the face of the complaint and its related declarations reveal that there is an insurmountable bar to relief. *Little v. UNUM Provident Corp.*, 196 F. Supp. 2d 659, 662-63 (S.D. Ohio 2002), *citing Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

4

In deciding a Rule 12(c) motion, in addition to the facts alleged in the complaint, the Court may also consider documents appended to the complaint or answer, or incorporated therein by reference. *See, e.g., Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 924-925 (N.D. Ohio 2009) ("In ruling on a motion to dismiss or motion for judgment on the pleadings, the Court may only consider documents attached to, incorporated by, or referred to in the pleadings."). The Sixth Circuit has taken a liberal view of what matters fall within the pleadings, and it has stated that a certain amount of flexibility attends the determination of whether a matter is outside the pleadings. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). If extrinsic materials merely "fill in the contours and details" of a complaint, they should be considered without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (12(b)(6) dismissal appropriate where motion briefs relied on affidavits from both defendant and plaintiff because the decision was based on legal sufficiency and neither party was prejudiced by the affidavits). Thus, for the purposes of this motion, consideration of Plaintiff's Declaration (Doc. 16-1), which was submitted with her motion for conditional certification, is appropriate, because the Declaration is consistent with Plaintiff's Complaint and merely fills in the "contours and details" of the allegations in the Complaint. Additionally, Plaintiff will not be prejudiced or surprised by such reliance because *she* submitted the Declaration in *support* of her claims.

### B. Plaintiff's FLSA Claims Are Without Merit and Should Be Dismissed Because She Was Exempt from the Overtime and Minimum Wage Provisions Of The FLSA.

Plaintiff's Complaint is wholly without merit, and judgment on the pleadings is appropriate. Even accepting all of Plaintiff's allegations as true solely for the sake of this motion, there is no law to support Plaintiff's claims for overtime wages, because Plaintiff was exempt from the overtime provisions of the FLSA during the entirety of her employment.

5

The FLSA requires employers to pay covered employees a minimum wage and overtime for all hours worked in excess of 40 hours in a workweek.  29 U.S.C. §§ 206, 207.  However, employers are not obligated to pay a minimum wage or overtime premium to employees who fall within the exemptions set forth in 29 U.S.C. § 213(a).  One such exemption is the companionship services exemption, which applies to "any employee employed on a casual basis . . . to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213(a)(15).  Based on Plaintiff's own testimony, she performed companionship services, and was therefore exempt and not entitled to overtime compensation.

### *i. Plaintiff Performed Companionship Services.*

In 1974, Congress amended the FLSA to exempt domestic service employees. "Extension to Domestic Service Employees," 40 Fed. Reg. 7404-02, 7404-7407 (Feb. 20, 1975).  In response, the Department of Labor ("DOL") published regulations defining "domestic service employee" to include, among others, employees engaged in "employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves."  *Id.* at 7405; 29 C.F.R. § 552.6 (1975).  The applicable version of the regulation in effect during Plaintiff's employment stated:

> [T]he term 'companionship services' shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs.  Such services may include household work related to the care of the aged or infirm person such as <u>meal preparation</u>, <u>bed making</u>, <u>washing of clothes</u>, and <u>other similar services</u>.  They may also include the performance of <u>general house work</u>; *Provided however*, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.  The term 'companionship services' does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse.  While such trained personnel do not qualify as companions, this fact does not remove them from the category of covered domestic service employees when employed in or about a private household.

6

40 Fed. Reg. 7404; 29 C.F.R. § 552.6 (1975) (emphasis added).

When employees provide "personal hygiene and care; homemaking; diversion and companionship activities; and errands" they are exempt from the FLSA as companionship services employees. *Foster v. Americare Healthcare Servs., Inc.*, 150 F. Supp.3d 868, 875 (S.D. Ohio 2015). Specific exempt activities include: "bathing, hair care, shaving, skin care, dressing, dental and denture care, and using the bathroom…emptying trash, preparing meals, washing and putting away dishes, making the bed, and cleaning the bathroom…going for walks, playing board games, and accompanying the client to appointments." *Id.* Assisting clients with taking their medications also falls squarely within the companionship services exemption. *See Salyer v. Ohio Bureau of Workers' Compensation*, 83 F.3d 784, 787 (6th Cir. 1996).

Plaintiff admits she performed companionship duties which qualified her for the companionship services exemption. In her Declaration, Plaintiff testifies that she performed: "household duties, companionship, house cleaning, running errands, shopping, peri-care, administering medication, both over-the-counter and prescription and other daily activity assistance." (Doc. 16-1 at 2, ¶ 4). Plaintiff further alleges: "My job responsibilities were assisting clients with household duties and personal needs, including but not limited to, running errands, shopping, companionship, administering prescribed and over-the-counter medications, housework, meal preparation, bathing and peri-care." (*Id.* at 3, ¶ 9). And finally, she reiterates that her duties "included personal care, assisting with the restroom, companionship and administering over-the-counter and prescription medication." (*Id.* at 4, ¶ 18). All of these duties Plaintiff described in her Declaration - running errands, shopping, companionship, administering medications, housework, meal preparation, bathing and peri-care – are activities encompassed by and explicitly stated as exempt under the companionship services exemption. Thus, there can be

7

no dispute Plaintiff was a companionship services employee and was not entitled to overtime pay at any time during her employment.

> ii. *The Regulations In Effect During Plaintiff's Employment Exempted Companionship Services Employees Working For Third Party Providers, Like Caregivers.*

Because Plaintiff concedes in her Declaration that she performed exempt work, to the extent she alleges she was not exempt during her employment, her argument must be that as a matter of law the companionship exemption was not applicable during the entirety of her employment (e.g. Plaintiff seeks conditional certification for employees employed after January 1, 2015, when a revision to the companionship services exemption was originally intended to take effect). (Plaintiff's Proposed Notice, Doc. 16-4 at 2). However, Plaintiff's claim fails as a matter of law. Plaintiff was an exempt employee during the entirety of her employment. Although the companionship services exemption eventually changed, the change did not become effective until <u>after</u> Plaintiff voluntarily resigned.

The DOL's 1975 regulations exempting companionship services employees for the reasons described above also contained a regulation which exempted companionship employees employed by third party providers, like Caregivers. 40 Fed. Reg. 7404-7407. In 2007, the Supreme Court rejected a challenge to the third party employer regulation. *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007). Thus, at the time of Plaintiff's employment, it was a "valid and binding" regulation. *Id.* at 158.

In 2013, the DOL issued a Final Rule amending the companionship services exemption regulations. "Application of the Fair Labor Standards Act to Domestic Service," 78 Fed. Reg. 60454 (Oct. 1, 2013). In the new regulations, the definition of companionship services exemption was reworded and, more significantly, the exemption no longer applied to caregivers employed by third party employers. *Id.*

8

The DOL's new regulations were scheduled to take effect on January 1, 2015. *Id.* Instead, in December 2014, the District Court for the District of Columbia held the regulations invalid and vacated them nationwide. *Home Care Ass'n of Am. v. Weil*, 76 F. Supp.3d 138 (D.C. Dec. 22, 2014). The Circuit Court for the District of Columbia later reversed that decision and held the new regulations were valid, but its opinion was not issued until August 21, 2015, over eight months after the original effective date. *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. Aug. 21, 2015). Moreover, even after the ruling, the regulations did not become effective immediately. In response to the Circuit Court opinion, the DOL issued additional guidance, indicating the new regulations would become effective 30 days after the Court of Appeals issued its mandate. "Application of the Fair Labor Standards Act to Domestic Service; Announcement of 30-Day Period of Non-Enforcement," 80 Fed. Reg. 55029 (Sept. 14, 2015). The mandate directing the district court to enter a new judgment in favor of the DOL was issued on October 13, 2015. "Application of the Fair Labor Standards Act to Domestic Service," 80 Fed. Reg. 65646-01, (Oct. 27, 2015). Accordingly, the DOL established a new effective date of November 12, 2015. *Id.* It also stated that "from November 12, 2015 through December 31, 2015, the Department will exercise prosecutorial discretion in determining whether to bring enforcement actions." *Id.*

Thus, at the very earliest, the new companionship services regulations became effective on November 12, 2015; and arguably, they were not effective until January 1, 2016, when the DOL began full enforcement. *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (the standards for private rights and public enforcement under the FLSA should be the same). As the Southern District of Ohio has explained, when discussing the effective date that should be given to the new companionship services exemption:

9

> [T]he fact that the DOL has indicated that it will not bring enforcement for violations that occurred before the Court of Appeals' reinstated the rule strongly supports that the rule should not be given retroactive effect in cases between private parties. Indeed, good administration of the Act and good judicial administration alike require that the standards of public enforcement and those for determining private rights shall be at variance only where justified by very good reasons.

*Bangoy v. Total Homecare Solutions, LLC*, No. 1:15-CV-573, 2015 WL 12672727, *3 (S.D. Ohio Dec. 21, 2015). Thus, the regulations certainly did not become effective on January 1, 2015. *Id.*; *Wengerd v. Self-Reliance, Inc.*, No. 3:15-cv-293, 2016 WL 5661972, *2 n.2 (S.D. Ohio Oct. 3, 2016). This court explicitly rejected retroactive liability in *Bangoy v. Total Homecare Solutions, LLC*, explaining:

> The district court in the Weil cases vacated the rule that purportedly required THS to pay Plaintiffs overtime wages before it could go into effect. In the Court's view, THS was entitled to rely on that decision in not paying Plaintiffs overtime for the interim period now at issue in this case. Any other conclusion would put THS, and other similarly-situated employers, in an untenable position. THS could have complied with the vacated rule at the risk of paying Plaintiffs overtime to which they were not entitled if the Court of Appeals affirmed the district court's judgment. Or, THS could have done what it did here, rely on the vacatur of the rule but then, according to Plaintiffs, be liable to them for the FLSA damages if the Court of Appeals reversed the district court's judgment.

*Bangoy*, 2015 WL 12672727 at *3.

The new regulations for companionship services employees did not become effective on January 1, 2015. Thus, once the new companionship services exemption was vacated in December 2014, Plaintiff continued to qualify as an exempt employee under the 1975 regulations, which remained valid and binding. Plaintiff voluntarily left her employment with Caregivers in approximately August of 2015, well before the earliest possible effective date of the new companionship services regulations. (Doc. 1 at 2, ¶ 3; Doc. 16-1 at 1, ¶ 2). Thus, as a matter of law, Plaintiff was an exempt companionship services employee during the entirety of her employment. She was never entitled to overtime at any point during her employment.

10

Accordingly, Plaintiff's Complaint is wholly without merit and judgment on the pleadings is appropriate.

### C. Plaintiff Cannot Sustain A Claim Under Ohio Law Because She Does Not Have A Claim Under The FLSA.

Plaintiff also brings claims alleging violations of O.R.C. § 4111.03(A) and § 4113.15. These claims are derivative of and dependent upon the resolution of her FLSA claim as overtime claims under Ohio law are governed by the standards and principles found in the FLSA:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in **and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938**," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended.

O.R.C. § 4111.03(A) (emphasis added); *Thomas v. Speedway Superamerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007). During her employment, Plaintiff qualified for the companionship services exemption to the FLSA under 29 U.S.C. § 213(a)(15). Ohio law defers to section 13 exemptions to the FLSA. *Id.* Thus, Plaintiff was also exempt from Ohio's overtime provisions, and her claims under this statute must likewise be dismissed.

Finally, O.R.C. § 4113.15 governs timely payment of wages, and Plaintiff's claim under this statute depends entirely on resolution of Plaintiff's claims for unpaid overtime. Plaintiff believes that Caregivers should be liable under this provision because it failed to pay her overtime. Plaintiff has not alleged any facts in her Complaint or Declaration that would support a claim under this statute other than a claim for unpaid overtime. As explained in this Motion, Plaintiff was never entitled to overtime and cannot sustain claims for unpaid overtime wages. Consequently, Plaintiff received all compensation that she was owed on time and in accordance with the law, and judgment on the pleadings is appropriate.

11

## IV. CONCLUSION

Accepting all of Plaintiff's allegations as true, judgment on the pleadings is warranted. Based on Plaintiff's own testimony, she performed exempt companionship services duties. Plaintiff then resigned from employment prior to the effective date of the new regulations which amended the companionship services exemption. Thus, for the entirety of Plaintiff's employment, she was exempt from the overtime provisions of the FLSA. As an exempt employee, Plaintiff cannot allege viable claims for unpaid overtime. Consequently, Defendants respectfully request judgment on the pleadings and dismissal of Plaintiff's Complaint.

Respectfully submitted,

*/s/ Raymond D. Neusch*
Raymond D. Neusch (0024822)
Neal Shah (0082672)
Tessa L. Castner (0093808)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
(513) 651-6800
rneusch@fbtlaw.com
nshah@fbtlaw.com
tcastner@fbtlaw.com

*Trial Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify a copy of the foregoing was served upon all counsel of record by means of the Court's electronic filing system on this 26th day of January, 2017.

*/s/ Raymond D. Neusch*